STONER v. THE STATE.

JUNE TERM
1836.

Stoner
v.
The State.

On the trial of an indictment, a motion for a new trial or in arrest of judgt. will not be sustained, on the ground that the court ordered one of the venire, who on his voir dire stated "that he had formed an opinion from having conversed with def. but that he felt himself then in a state of mind to do justice between the parties," to stand aside. Such an order is in accordance with the practice of the cir. cts. and tends to secure impartial jurors.

ERROR from the Franklin circuit court.

Opinion delivered by WASH Judge..

.The plaintiff in error was indicted in the circuit court, for assaulting with intent to wound, contrary to the statute &c. There was a verdict and judgment against Stoner, who moved first for a new trial and then in arrest of judgment, both of which motions were overruled, and he now prosecutes his writ of error to reverse the judgment of the circuit court. The indictment is as follows: "State of Missouri, county of Franklin, ss. In the circuit court, August term 1835. The grand jurors for the State of Missouri, impannelled, sworn and charged, for the body of the county of Franklin aforesaid, upon their oath, present that George Stoner, late of the county of Franklin aforesaid, labourer, on the first day of August, in the year one thousand eight hundred and thirty-five, with force and arms, at the county of Franklin aforesaid, in and upon one Harrison Bray, in the peace of God then and there being, then and there did make an assault, and then and there, with a knife, which he the said George Stoner had and held in his right hand, did assault him the said Harrison Bray, with an intent, him the said Harrison Bray to wound, contrary to the form of the statute &c."

In the act of impannelling the trovers jury at the trial in the circuit court, "one of the persons summoned on the venire, on his voir dire, stated that he had formed an opinion from having conversed with the defendant on the subject of the charge in the indictment, but that he then felt himself in a state of mind to do justice between the parties; whereupon he was told by the court to stand aside." The original pannel returned by the sheriff, had not been exhausted when said juror was directed to stand aside, and a jury was taken from said original pannel, the conduct of the court in ordering the juror to stand aside, was excepted to at the time, and is now assigned for error. It is insisted by the counsel for the plaintiff in error, that the act of the court in directing the juror to

47

JUNE TERM
1836.

between the parties," to stand aside. Such an order is in accordance with the practice of the cir. cts. and tends to secure impartial jurors.

staud aside, was in effect a challenge of the juror by the court; and that the court has no right of challenge, either peremptory or for cause &c. It does not appear, at whose instance the juror was examined on his voir dire. We are informed by counsel that it is the course of practice in the circuit court, to examine jurors on their voir dire before swearing them in chief—to the end, that an impartial jury may be put to try every cause. This practice, though it may be attended with some inconvenience and delay, seems in furtherance of the law which seeks to secure to the parties a trial by an impartial jury. It may be true that the court cannot challenge a juror with or without cause; but when from an examination on the voir dire, a cause of challenge appear, it is not to be doubted that one party or the other, to whom the right of challenge is given, would object to the juror. In the case under consideration, it does not seem to us that the court exercised or attempted to exrcise the right of challenge. The juror was directed to stand aside, for the purpose doubtless, of ascertaining whether the parties could not obtain from the balance of the pannel a jury free from objection. It seems that such a jury was obtained and the plaintiff in error was not more injured by the act of the court in directing the juror when called, to stand aside, than he would have been by having the name of the juror placed last or called last by the sheriff, on the pannel. Upon the whole therefore, we think the judgment of the circuit court *should be affirmed* with costs.